IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No: 4:24-cr-00012 |
| | ) | |
| v. | ) | The Honorable Sarah Evans Barker |
| | ) | |
| SHAWN CLARK RIEDESEL, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Defendant Shawn Clark Riedesel ("Riedesel"), by and through his attorney, Eric J. Massey, respectfully submits his memorandum for this Court's consideration in sentencing in the above matter.

**I.       Introductory Remarks**

Riedesel submits to this Court having accepted responsibility for the charges to which he will formally enter a plea of guilty. Riedesel takes full responsibility for his actions, and does so knowing he faces a lengthy prison term from this Court. Taking all facts and circumstances into consideration, as outlined more fully below and will be discussed at sentencing, Riedesel submits that a sentence falling on the low end of the plea agreement's range is sufficient to fulfill the purposes of 18 U.S.C. § 3553(a).

**II.      The Plea Agreement**

A Plea Agreement was filed on June 26, 2024. Dkt. 63. The Plea agreement calls for Riedesel to enter a plea of guilty to Counts 1 and 2: Sexual Exploitation of a Child, 21 U.S.C. §§ 2251(a) and (e). *Id*. at 1. These offenses carry a range of imprisonment from fifteen years to thirty years each. *Id*. at 1-2. The Plea Agreement, tendered pursuant to F.R.C.P. 11(c)(1)(B),

contains no agreement as to sentence between the parties with full discretion vested in the Court. *Id*. at 2-3. However, the Government has agreed to recommend a sentence of no more than 45 years. *Id*. at 5.

### III. Presentence Investigation Report

The Presentence Investigation Report ("PSR") contains guideline calculations, and these are largely consistent with those contained in the plea agreement. PSR ¶¶ 44-77. Riedesel has objected to the guideline calculation, but the objection is largely academic as it would not change his final offense level. *See* PSR Addendum. Aside from the conduct giving rise to the instant case, Riedesel has no criminal history. PSR ¶¶ 78-83. The guideline calculations in the PSR yield a guideline sentence of 720 months, or 60 years. PSR ¶ 115.

### IV. Application of the Sentencing Guidelines and 18 U.S.C. § 3553(a)

While the Court must consider the sentencing guideline and statutory minimum, the mandate provided by Title 18, United States Code, Section 3553(a), requires a court to impose a sentence that is "sufficient, but not greater than necessary" to serve the purposes of sentencing: just punishment, retribution, deterrence, and rehabilitation. Goals to be considered while determining the sufficiency of sentencing are:

> (I) (1) The nature and circumstances of the offense and the history and characteristics of the defendant; (2) To reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) to afford adequate deterrence to criminal conduct; (4) to protect the public from further crimes of the defendant; (5) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the

most effective manner; (6) to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct; and (7) to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(l)-(7).

### V. Application of the § 3553 Sentencing Factors

#### 1. The Nature and Circumstances of the Offense and Riedesel's History and Characteristics

##### a. The Nature and Circumstances of the Offense

Riedesel will enter a plea of guilty to Counts 1 and 2. In so pleading, Riedesel recognizes the severity of his offenses and the harm that can result from such an offense. In addition, Riedesel has agreed to plead guilty despite the uncertainty of his ultimate sentence under the plea agreement. This Court is vested with broad discretion, having the ability to sentence Riedesel to as little as fifteen or as many as sixty years. While these offenses are undoubtedly serious, Riedesel believes that a sentence at the low end of the range contemplated by the plea is appropriate.

##### b. Riedesel's History and Characteristics

*Criminal History*

As already noted, Riedesel has no criminal history outside of the conduct bringing him before this Court. PSR ¶¶ 78-83. Riedesel has been incarcerated continuously since July 2, 2022. PSR p. 1.

*Personal background*

Riedesel is a 31-year-old man awaiting plea and sentencing in this Court. PSR p. 3. Riedesel grew up in a supportive family which provided him with everything he needed.

PSR ¶ 88. Riedesel was fortunate not to experience any abuse or substance use in the home, and enjoyed advantages which many coming before this Court do not. PSR ¶ 88.

Riedesel has two siblings, though he only maintains a meaningful relationship with his brother. PSR ¶ 87. Riedesel is single, and he has no children. PSR ¶ 91. Riedesel's relationship with his father is strong, and only improved after Riedesel's arrest. PSR ¶ 86. Sadly Riedesel's mother passed away in 2021, and this loss had a profound negative impact on Riedesel. PSR ¶ 85.

*Physical and Mental Health*

Riedesel is a fairly healthy individual physically. PSR ¶ 94. However, since being incarcerated, Riedesel has lost a significant amount of weight. PSR ¶ 94. This is concerning to Riedesel and correctional officers, but Riedesel has not been able to regain any weight despite intervention. PSR ¶ 94.

Riedesel's mental health history is more significant. He was diagnosed with depression in his adolescence. PSR ¶ 95. He has also suffered from anxiety and has a history of suicide attempt and thought. PSR ¶¶ 95-96. As noted in the PSR, Riedesel underwent a mental health evaluation while incarcerated in an effort to determine what, if any, additional services or treatment may be appropriate for him. PSR ¶ 96. The report of said evaluation, by Dr. Robin Kohli, Psy.D., HSPP, is attached hereto and incorporated as Defendant's Exhibit A. In reviewing Dr. Kohli's findings, it is apparent that Riedesel's mental health contributed to the instant offenses. Specifically, Dr. Kohli noted that Riedesel presented as "surprisingly naïve and immature in his reasoning, to a degree that seemed incongruent with his intelligence." Ex. A, p. 2.

In addition, Dr. Kohli completed several objective evaluations of Riedesel. The first, the Millon Clinical Multiaxial Inventory, 4th Edition (MCMI-IV), indicated that Riedesel "experiences at least a moderate level of personality dysfunction, with deficits in internal cohesion which lead to ambivalence in relationships with others." Ex. A, p. 8.

Dr. Kohli also administered the Violence Risk Assessment Guide – Revised (VRAG-R), which assesses an individual's risk of violence recidivism. Ex. A, p. 8. This assessment yielded a low risk of violence recidivism, associated with a violent recidivism rate of 15.5% in five years. Ex. A, p. 8.

Dr. Kohli's evaluation also included administering the Static-2000R, which is used to determine an adult male sex offender's risk of sexual or violent recidivism. Ex. A, p. 9. Riedesel fell in the low-moderate range of risk for reoffending, yielding a 2.8-12.3% risk of reoffending in five years. Ex. A, p. 9.

In summarizing her findings and identifying recommendations for Riedesel, Dr. Kohli Kohli noted that while most individuals looking for underage girls are looking for sex, Riedesel was looking for a long-term intimate partner who, like Riedesel, was developmentally immature. Ex. A, p. 10. She also noted that Riedesel may suffer from undiagnosed Autism Spectrum Disorder. Ex. A, p. 10. And, unlike many sex offenders, Dr. Kohli found that Riedesel possesses many strengths that others do not – intelligence, honesty, self-reflection, insight, and strong motivation to change. Ex. A, p. 10.

Dr. Kohli's diagnoses for Riedesel include Pedophilic Disorder and Major Depressive Disorder, Mild, Recurrent Dependent Personality Traits. Ex. A, p. 11. Based on her evaluation, Dr. Kohli recommends that Riedesel participate in individual therapy, Cognitive-Behavioral

Therapy, sex offender group therapy. Ex. A, p. 11. She also recommends that he engage with a psychiatrist to determine if medication-based treatment would be beneficial. Ex. A, p. 11.

It is apparent that Riedesel's mental health and characteristics played a role in the criminal behavior he is accepting responsibility for. While this serves as no excuse or justification for his criminal behavior, it is a significant mitigator which should lessen the consequences Riedesel is prepared to accept.

*Substance Abuse*

Riedesel has no history of substance abuse, and only occasionally drinks alcohol. PSR ¶ 98. However, Dr. Kohli's evaluation suggested the high likelihood of alcohol dependency. Ex. A, p. 10. As a result, and in an abundance of caution, drug and alcohol treatment may be warranted and beneficial to Riedesel while he is incarcerated.

*Education and Employment*

Riedesel graduated from high school in 2012. PSR ¶ 99. Thereafter he completed college courses at several schools, ultimately graduating with a bachelor's degree in 2022. PSR ¶¶ 101-103. At the time of his arrest, Riedesel was studying for his master's degree at the University of Louisville. PSR ¶ 103. Riedesel worked several jobs intermittently during and between his educational pursuits. PSR ¶¶ 106-110.

    **2. The Need for the Sentence Imposed**

In considering an adequate sentence to impose on Riedesel, the Court should look at the applicable suggested penalty range for the crime and sentencing requirements, but should also take into account several other factors discussed herein.

    **a. To Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense**

Riedesel undoubtedly understands that the offenses to which he will enter a plea of guilty are serious. He further understands that he is facing a substantial sentence from this Court. For someone who is just 31 years old, the potentially enormous sentence is significant and will represent a substantial period of his life. Given the circumstances of this case and the other sentencing factors the Court will consider, Riedesel submits that a sentence at the low end of the possible range will achieve all of the prongs associated with this part of § 3553.

    **b. To Afford Deterrence to Criminal Conduct and Protect the Public from Further Crimes**

Section 3553(a)(2)(B) requires a judge to consider "the need for the sentence imposed…to afford adequate deterrence to criminal conduct," including both specific and general deterrence. There can be no dispute that the Government has significant interest in deterring the type of crime to which Riedesel is pleading guilty. However, based on this case and this defendant, there should likewise be no dispute that a sentence eclipsing the low end of the potential range is not necessary to prevent Riedesel from reoffending. The proposed low-end sentence will adequately serve the ends of both general and specific deterrence, and supervised release conditions will help protect the public from any further crimes. Supervised release will also aid Riedesel in his reintegration into society.

    **c. To Protect the Public from Further Crimes of Riedesel**

Riedesel will serve a substantial period of his life incarcerated as a result of the plea agreement before the Court. Riedesel is determined to equip himself with the education and skills necessary to enable him to live a productive life upon completion of his time at the Bureau of Prisons, and he has received consideration for Acceptance of Responsibility under

USSG §3E1.1(a) and (b). These factors show growth and maturity on Riedesel's part, and the proposed sentence is therefore sufficient to achieve the purpose of this prong.

### d. To Provide Riedesel with the Needed Education, Vocational Training, or Other Correctional Treatment in the Most Effective Manner

As noted previously, Riedesel recognizes and appreciates the severity of the offense to which he is pleading guilty. He understands he will be incarcerated for a lengthy period of time, but he is determined to make valuable use of his time incarcerated in order to set himself on a new path after completing his prison sentence. The Bureau of Prisons ("BOP") provides a number of programs which he can take advantage of, including vocational and occupational training programs and wellness education. Mental health treatment will also be a critical need during his period of incarceration. His ability to participate in these programs will reduce the chance for recidivism and aid him in complying with the terms of supervised release when that time comes. And at this stage of his life, it is important for Riedesel to make productive use of his time incarcerated so he can support himself and others.

### e. To Avoid Unwarranted Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct

The sentencing guidelines themselves are an anti-disparity formula. *United States v. Oliver*, 873 F.3d 601, 608 (7th Cir. 2017) (citing *United States v. Blagojevich*, 854 F.3d 918, 921 (7th Cir. 2017). This is "because the Sentencing Commission considers the need to avoid unwarranted disparities when setting the Guidelines ranges." *Id*. However, it is informative to review the sentences of like offenders in furthering the interest of avoiding unwarranted disparities.

8

For the last five fiscal years, there have been 824 defendants who, like Riedesel, had a primary guideline of §2G2.1 with a Final Offense Level of 43 and a Criminal History Category of I. *United States Sentencing Commission Judiciary Sentencing INformation (JSIN)*, https://jsin.ussc.gov/analytics/saw.dll?Dashboard (last accessed October 4, 2024). Among these defendants (excluding those receiving a §5K1.1 substantial assistance departure), the average length of imprisonment imposed was 348 months, and the median length of imprisonment was 360 months. *Id*. Based on this data, Riedesel submits that his sentence should be in line with those previous sentences reflected in JSIN.

### f. To Provide Restitution to Any Victims of the Offense

Riedesel has agreed to make substantial restitution to the victims of his conduct. PSR ¶ 103. Because it may not be feasible for Riedesel to pay restitution in full during the course of his incarceration, the sooner he is placed on supervised release the sooner he can begin working in earnest to fulfill the restitution obligation. Thus, this factor further justifies a sentence on the lower end of the range presented by the plea agreement.

## VI. Conclusion

For the reasons stated herein, given the factors in 18 U.S.C. § 3553(a), described above, and that which will be discussed at sentencing, a sentence at the low end of the range before the Court is appropriate. Such a sentence would be sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

/s/Eric J. Massey
Eric J. Massey, #31580-64
Banks & Brower, LLC
8770 Purdue Road
Indianapolis, IN 46268

## **CERTIFICATE OF SERVICE**

      This is to certify that a copy of the foregoing Sentencing Memorandum has been served upon the United States Attorney by electronic service through ECF/PACER on the date of filing.

/s/Eric J. Massey
Eric J. Massey, #31580-64
Banks & Brower, LLC
8770 Purdue Road
Indianapolis, IN 46268